# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TEENA LERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-2160-KHV-KGG |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, Commissioner of ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER DENYING MOTION TO STAY DISCOVERY

Before the Court is Defendant's Motion to Stay Discovery (Doc. 8). Defendant requests a stay because of its pending dispositive motion. While acknowledging that such relief is not generally granted, Defendant argues that the summary judgment motion, filed before discovery began in this case but supported to some extent by discovery at the EEOC, so clearly demonstrates their entitlement to judgment that discovery would be wasteful. Plaintiff opposes the motion, and argues that the EEOC discovery was limited, and points to a number of declarations from undeposed witnesses offered to support the pending motion.

Rule 26(c) of the Federal Rules of Civil Procedure governs requests to stay discovery. Whether to stay or otherwise limit discovery is within the sound

discretion of the Court. In general the pendency of a dispositive motion is not a sufficient reason to stay discovery. ***Dickman v. Dept. of Transportation***, No. 11-2523-JTM-GLR, 2012 WL 940779 (D. Kan. March 20, 2012) (citations omitted). The Court may grant such a motion "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." ***Wolf v. United States***, 157 F.R.D. 494, 495 (D. Kan. 1994).

In the present case, discovery in this Court is not only uncompleted, it has not begun. The discovery available in the agency process is not a substitute for Plaintiff's rights before this Court. The Court cannot find that allowing Plaintiff discovery would not affect the resolution of the motion, or would be wasteful or burdensome.

Defendant alternatively requests that discovery be limited to those specific facts Plaintiff claims are unavailable without discovery pursuant to Fed. R. Civ. Proc. 56(d). Although this rule may provide a basis for analysis in the Court's evaluation of the pending dispositive motion, the rule does not support limiting discovery in this case where no discovery has been completed.

Defendant's motion is, therefore, **DENIED**.

Dated at Wichita, Kansas, on this 12th day of October, 2012.

                                       S/ KENNETH G. GALE
                                      KENNETH G. GALE
                                      United States Magistrate Judge